**Steven A. Kraemer,** OSB No. 882476
E-mail: skraemer@cisoregon.org
**Lauren E. Nweze**, OSB No. 145218
E-mail: lnweze@cisoregon.org
**KRAEMER & LEWIS**
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503)763-3875
Facsimile: (503) 763-3901

Of Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TAYLOR SELF**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**COLUMBIA COUNTY**, an Oregon municipality, and **CAROLYN TOWNSEND**,<br><br>    Defendants. | No. 3:20-cv-00584-BR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION** |

Defendants Columbia County and Carolyn Townsend ("defendants") submit this Response in Opposition to Plaintiff's Motion to Compel and for Sanctions for Deposition Obstruction.

## INTRODUCTION

Plaintiff filed a Motion to Compel and Motion for Sanctions for Deposition Obstruction on November 13, 2020. The thrust of plaintiff's motion is that he is entitled to documents regarding an unrelated internal affairs matter involving defendant Carolyn Townsend. Plaintiff further argues

/ / /

Page 1 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

that he is entitled to all documents related to why Ms. Townsend retired from the Columbia County Sheriff's Office.  Finally, plaintiff asks that the deposition of Ms. Townsend should be re-opened.

Defendants oppose plaintiff's motions and further requests that if the Court does consider whether the unrelated internal affairs material should be produced, the Court first conduct an *in camera* inspection of the pertinent files to determine what, if anything, should be produced to plaintiff.

Defendants oppose any sanctions based upon defense counsel's handling of Ms. Townsend's deposition.  The few objections made by defense counsel during this deposition do not warrant a sanction pursuant to Fed. R. Civ. P. 30 (d)(2) as they did not impede, delay, or frustrate the fair examination of Ms. Townsend.  Indeed, defense counsel would have been remiss in defending his client, had he permitted Ms. Townsend to answer some of the questions counsel now complains about, such as her date of birth or home address, questions police/corrections officers are, to defense counsel's knowledge, never required to answer and which clearly can compromise the safety and personal privacy of a law enforcement officer.  Further, as to almost every other question to which defense counsel objected, plaintiff's counsel could have easily cured the basis for the objection  by simply asking the question in an appropriate manner that would not have required Ms. Townsend to wholly guess at what a non-witness was thinking at a certain point in time or the motivation behind why an institution took some action.  Instead, counsel simply moved on after the objection, expressing no disagreement with the objection and expressing no concern with defense counsel's objections.

In support of this response, defendants rely on the pleadings on file, the Declaration of Lauren E. Nweze, and Exhibit 1 (conferral email between plaintiff and defense counsel dated November 10, 2020).

/ / /

/ / /

/ / /

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S
           MOTION TO COMPEL AND FOR SANCTIONS
           FOR DEPOSITION OBSTRUCTION

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

## ARGUMENT AND AUTHORITY

**1. Plaintiff's Motion to Compel Records Should Be Denied.**

Federal Rule of Civil Procedure 26(b)(1) sets forth the prevailing rule on scope of discovery in federal civil actions. It states in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

The amendments that were made to this rule in 2015 were set in place to encourage the courts to "deal with the problem of over-discovery." Fed. R. Civ. P. 26(b)(1) Committee Note (1983). As a threshold matter, a party is only entitled to discovery if the information sought is relevant to the claims in the suit. The documents related to Ms. Townsend's internal affairs investigation and retirement decision are not relevant to any of plaintiff's claims in this case.

Ms. Townsend testified that her retirement decision was voluntary, and she did not say it was related to the pending internal affairs investigation that had nothing to do with plaintiff's incident. (Pltf's Mot. to Compel, Ex. 3, p. 41, lines 13-18.) Plaintiff's counsel also never even asked Ms. Townsend whether the internal affairs investigation was in any way related to her retirement decision. (*See generally*, Pltf's Mot. to Compel, Ex. 3.) Plaintiff now puts forth speculative theories that Ms. Townsend's retirement was somehow connected to the internal affairs investigation. Perhaps more important, plaintiff fails to articulate how, even if Ms. Townsend's retirement decision was influenced by the pending internal affairs investigation, this has any relevance to any issue in this lawsuit. (*See* Pltf's Mot. to Compel, p. 13.) This is not an employment case and the internal affairs investigation was not about the incident described in the Complaint. There is no *Monell* claim. This case is about a single incident that occurred on a single day, September 6, 2019, collectively between mid to late afternoon (when the discussion between

Page 3 - DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

plaintiff and Ms. Townsend related to plaintiff agreeing to share a cell with the other inmate—a conversation that is wholly captured on Ms. Townsend's body worn camera) and his release at about 10:30pm. It is defendants' position there is no relevance and defendants should not be compelled to produce to plaintiff any records related to Ms. Townsend's retirement as these records are outside the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1).

Similarly, plaintiff's demand for records related to an internal affairs investigation into Ms. Townsend (which never was concluded nor resulted in any discipline) should be denied as it does not fall within the allowable scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1). Plaintiff's claims in the present action involve both state tort and federal constitutional claims alleging that Ms. Townsend inappropriately housed two inmates together knowing it created a potentially violent situation to plaintiff and, after plaintiff sustained a physical injury at the hands of another inmate (that notably occurred in the common area day room and not in the cell they were going to share), Ms. Townsend failed to provide plaintiff with basic medical care. Again, plaintiff has appropriately, given the facts of this incident, not made a *Monell* claim, nor has plaintiff made any claims against Ms. Townsend's employer regarding ongoing supervisory issues with Ms. Townsend or within the Columbia County Jail generally. As Ms. Townsend testified during her deposition, the internal affairs investigation related to an inmate's (not plaintiff's) attempt to hang himself, an incident that happened *after* the incident involving plaintiff. (Pltf's Mot. to Compel, Ex. 3, p. 42, lines 23-25 and p. 42, line 1.) Generally, defense counsel will say the internal affairs investigation was examining Ms. Townsend's supervisory decisions as to how she dealt with this risky situation. (Nweze Decl., ¶ 2.) This incident did not concern any issues related to medical care being provided (or not provided) to an inmate, nor did the investigation address any inmate housing decisions made by Ms. Townsend. (Nweze Decl., ¶ 3.) The events resulting in the internal affairs investigation are vastly different than those alleged in plaintiff's Complaint. The two events are too dissimilar to support a finding that the internal affairs investigation is relevant to any of plaintiff's claims.
Page 4 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

Defendant also respectfully points out that it is not Ms. Townsend who brought this lawsuit. She should not be required to turnover information of a private nature, when it is not relevant to the claims against her or any defenses raised on her behalf, simply because plaintiff's counsel would like to look at it.

In addition to lacking relevance to plaintiff's claims, the information plaintiff seeks is subject to a qualified privilege and is private and confidential. Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991); *Megargee v. Wittman*, 2007 WL 2462097, at *2 (E.D. Cal. Aug. 27, 2007). Government personnel files are considered official information. *Sanchez*, 936 F.2d at 1033. When determining whether the information sought is privileged, courts are tasked with balancing the potential benefits of disclosure against the potential disadvantages. *Id*. Here, the potential benefits of disclosing the internal affairs investigation are negligible as the requested records bear no relevance to plaintiff's claims. The disadvantages of disclosure, most notably the invasion of Ms. Townsend's constitutional privacy rights (*see infra*), significantly outweigh the asserted need for disclosure. In such circumstances, the privilege bars discovery. *Sanchez*, 936 F.2d at 1034.

The disclosure of confidential personnel files is one of many areas where federal courts recognize a constitutionally based enforceable right of privacy. *Breed v. United States Dist. Ct. for Northern district*, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); *United States v. Hubbard*, 650 F.2d 293, 305 (D.C. Cir. 1980) (citing *Time, Inc. v. Hill*, 385 U.S. 374, 383 n.7, 87 S. Ct. 534, 539, 17 L. Ed. 2d 456 (1967)) (concept of a protectable right of privacy has found widespread acceptance in this country). Specifically, federal courts have given "forceful recognition" to a person's interest of preserving the confidentiality of sensitive information contained in their personnel files. *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 319 n. 16, 99 S. Ct. 1123, 59 L. Ed. 2d 333 (1979);

Page 5 - DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

*Tumbling v. Merced Irr. Dist.*, 262 F.R.D. 509, 517 (E.D. Cal. 2009) (*citing Nakagawa v. Regents of University of California*, 2008 WL 1808902, *2 (N.D.Cal. Apr. 22, 2008).

  Federal and Oregon statutory law also recognize the privacy interests inherent in personnel files and generally preclude such records from public disclosure. ORS 181A.830 generally precludes any public body from disclosing information about a personnel investigation of a public safety employee if the investigation does not result in discipline. Oregon public records statute ORS 192.345(12) exempts from disclosure any personnel discipline action, or materials or documents supporting that action. Additionally, ORS 652.750 provides an employee the right to inspect his or her personnel file. This statute does not provide the public any right to examine an employee's personnel file. Defense counsel is aware Oregon statutory law is not binding in federal court; however, these statutes demonstrate the Oregon legislature's interest in maintaining the privacy and confidentiality of such records. Similarly, section 552 (b)(6) of the federal Freedom of Information Act provides:

> "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy . . ." are not to be made available to the public. 5 USC § 552 (b)(6).[1]

These statutes evidence the private nature of the documents sought by plaintiff, which weighs against their disclosure.

  Finally, this Court can look to the *Frankenhouser* factors, as articulated in *Mueller v. Walker*, 124 F.R.D. 654, 656 (D. Or. 1989), modified, No. CIV. 88-661-FR, 1989 WL 35864 (D. Or. Apr. 10, 1989), to aid in its determination as to whether the internal affairs investigation is subject to disclosure. The factors laid out in *Mueller* are as follows:

  / / /

---

[1] *See also Hunt v. FBI*, 972 F.2d 286 ("A government employee generally has a privacy interest in any file that reports on an investigation that could lead to the employee's discipline or censure").

Page 6 -  **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Mueller*, 124 F.R.D. at 656-657.

The first, second, third, fifth, sixth, and seventh factors are factually inapplicable to this case are thus provide no assistance to the Court's assessment. The fourth and eighth factors weigh in favor of disclosure to plaintiff as he is only seeking factual data and defendants are not asserting that plaintiff's suit is either frivolous or brought in bad faith. The ninth and tenth factors weigh against plaintiff's motion to compel. As plaintiff's counsel articulated in their motion, plaintiff is already aware of the facts related to the internal affairs investigation via the "unidentified informant". Therefore, the information sought is available from other sources. Additionally, as discussed at length *supra*, the internal affairs investigation has no relevancy, and thus has no importance, to plaintiff's case. Viewing these factors in light of Fed. R. Civ. P. 26(b)(1), which mandates that the scope of discovery only includes those records which are relevant to a party's claims or defenses, the *Frankenhouser* factors overall do support plaintiff's motion to compel Ms. Townsend's internal affairs investigation file.

It should be noted that, if, as is suggested by plaintiff's counsel (Pltf's Mot. to Compel, p. 13), the internal affairs investigation into Ms. Townsend included allegations or inquiries into the events complained of in plaintiff's Complaint, defendants would not dispute that this information would be discoverable, and it would already have been produced. However, the fact of the matter is

/ / /

Page 7 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION**

**KRAEMER & LEWIS**
**Not a Partnership**
**Employees of CIS (Citycounty Insurance Services)**
**P.O. Box 1469**
**Lake Oswego, OR 97035**
**Telephone: (503) 763-3875**
**Facsimile: (503) 763-3901**

that the internal affairs had nothing to do with the events alleged in plaintiff's Complaint. (*See generally*, Complaint (ECF No. 1).)

Given the privileged and confidential nature of the information sought by plaintiff, the fact that it implicates Ms. Townsend's constitutionally protected privacy rights, is not subject to disclosure under Federal or Oregon statutory law, and is not subject to disclosure under an analysis of the *Frankenhouser* factors, plaintiff's motion to compel the internal affairs investigation records into Ms. Townsend for conduct unrelated to plaintiff's claims should be denied.

If, after any *in camera* inspection into the records sought by plaintiff, this Court determines that any of the requested records should be produced to plaintiff over defendants' objections, defendants respectfully request that a protective order be put in place prior to any disclosure.

**2.    Plaintiff's Motion for Sanctions based Upon Deposition Tactics Should Be Denied.**

Plaintiff's requests for sanctions against defendants for so-called "obstructionist" deposition tactics should be denied. As a preliminary matter, plaintiff did not confer with defense counsel regarding any deposition obstruction, witness coaching, or a motion for sanctions. (Nweze Decl., ¶ 4, Ex. 1.) Plaintiff's counsel likewise did not address any of the concerns now raised in plaintiff's motion for sanctions during Ms. Townsend's deposition, essentially waiving these arguments at that time. (*See generally*, Pltf's Mot. to Compel, Ex. 3.) If plaintiff's counsel had these concerns regarding defense counsel's objections and handling of Ms. Townsend's deposition, he could have and should have raised them at that time. Had plaintiff's counsel articulated any concerns while the deposition was taking place, he and defense counsel could have discussed the concerns and likely resolved at least some of those issues at that time. In addition, at the appropriate time, a break could have been taken so that any concerns that defense counsel may have had regarding the nature of plaintiff's questions or Ms. Townsend's ability to understand the questions could be addressed.

      a.    <u>Defense Counsel's Objections Were Reasonable and Made in Good Faith.</u>

Turning to the merits of plaintiff's motion for sanctions, it falls short. Plaintiff cites to a handful of exchanges in which defense counsel either objected or objected and instructed

Page 8 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS
FOR DEPOSITION OBSTRUCTION

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

Ms. Townsend to not respond to the objectionable questions as the basis for what plaintiff argues is sanctionable deposition obstruction. (Pltf's Mot. to Compel, pp. 3-6.) Defense counsel's objections and instructions to Ms. Townsend during these exchanges were reasonable and based upon his good faith understanding of applicable law and do not constitute deposition obstruction or sanctionable conduct.

Specifically, plaintiff is not entitled to Ms. Townsend's personal information such as her private residence or date of birth. (Pltf's Mot. to Compel, p. 3.) This is private information[2] not relevant to any of plaintiff's claims in the case. Furthermore, as both plaintiff's counsel and this Court is aware, attorneys representing law enforcement and corrections officers regularly instruct their clients they don't need to give out their home address or date of birth during depositions for both personal and family safety reasons, as well as to reduce the risk of harassment.

Plaintiff's counsel also attempted to probe Ms. Townsend regarding the thought-processes of another Columbia County Jail employee, Captain Weaver. (*Id*.) Defense counsel objected to the form of the question and indicated it would be impossible for Ms. Townsend to answer plaintiff counsel's question without speculating as to what another individual was thinking. Plaintiff's counsel could have reworded the question to cure this issue, i.e. asking Ms. Townsend what her understanding of Captain Weaver's decision making was, if she had any such understanding. Plaintiff's counsel did not do so; rather, he moved on to his next line of inquiry. (Pltf's Mot. to Compel, Ex. 3, p. 12, lines 13-23.) Plaintiff also takes issue with two instances where defense counsel instructed Ms. Townsend to refrain from speculating or thinking out loud. (Pltf's Mot. to Compel, p. 4.) It is unclear what is improper about instructing a witness to not think out loud as this type of answer is non-responsive to plaintiff counsel's inquiries and, ultimately, irrelevant and inadmissible testimony. Again, counsel expressed no disagreement with the objection and instruction, and it happened only two times.

---

[2] Oregon public records law generally precludes such information from disclosure pursuant to ORS 192.345(31).

Page 9 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL AND FOR SANCTIONS
FOR DEPOSITION OBSTRUCTION

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

Plaintiff also takes issue with defense counsel's objection to the form of plaintiff counsel's question regarding what "the jail decided to do". (Pltf's Mot. to Compel, p. 5.) Defense counsel merely objected and then informed Ms. Townsend that the objection was not meant to stop her from answering. When a lawyer asks a witness what an institution (the jail) decided to do, it would seem reasonable attorneys representing that witness would believe it was professional and appropriate to make an objection. Notably, such a question would likely be objectionable at trial. Further, counsel did not instruct Ms. Townsend not to answer to the question (and she did answer it). (Pltf's Mot. to Compel, Ex. 3, p. 28, line 15-16.)

Finally, plaintiff points to a line of inquiry plaintiff's counsel pursued with Ms. Townsend related to her retirement decision and an unrelated internal affairs investigation. (Pltf's Mot. to Compel, p. 5-6.) It is notable that Ms. Townsend answered all of plaintiff counsel's questions and defense counsel only objected when plaintiff's counsel inquired into the specifics of an internal affairs investigation, which as discussed at length *supra*, is privileged, confidential, and private information not subject to disclosure. Defense counsel properly objected to this question and was permitted to instruct Ms. Townsend not to answer pursuant to Fed. R. Civ. P. 30(c)(2).

b. <u>Defense Counsel's Conduct During Ms. Townsend's Deposition Was Not Sanctionable Conduct Pursuant to Fed. R. Civ. P. 30(d)(2).</u>

In order to award sanctions pursuant to Fed. R. Civ. P. 30(d)(2), the court must find that defendants impeded, delayed, or frustrated the fair examination of Ms. Townsend. As evidenced by the transcript, Defense counsel's objections did not impede, delay, or frustrate the deposition. Defense counsel only objected or otherwise communicated during the deposition on eight (8) occasions over the course of an hour and fifteen-minute deposition. (*See generally*, Pltf's Mot. to Compel, Ex. 3.) This is a far cry from sanctionable conduct under the Federal Rules of Civil Procedure. *See Hernandez v. Lynch*, No. EDCV16620JGBKKX, 2019 WL 6998774, at *4 (C.D. Cal. June 18, 2019) (finding that sanctions were not warranted even though plaintiff's counsel's conduct was "improper and impeded" the deposition because counsel's conduct was based upon a good faith interpretation of Fed. R. Civ. P. 30 and their attempts to vigorously represent the interests

Page 10 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

of their clients); *Phillips v. Manufacturers Hanover Tr. Co.*, No. 92 CIV. 8527 (KTD), 1994 WL 116078, at *4 (S.D.N.Y. Mar. 29, 1994) (counsel objected or otherwise interjected in deposition at least 49 times during hour and a half long deposition, on numerous occasions without any proper basis; court held that this was a close question as to whether such conduct was sanctionable under Fed. R. Civ. P. 30, but ultimately determined sanctions were not proper.)

The cases cited by plaintiff in support of sanctions of attorney fees and costs[3] fail to establish that such sanctions are warranted in this case. Many of the cases plaintiff relies upon are distinct in the facts, did not deal with monetary sanctions, or ultimately concluded that monetary sanctions were not appropriate. *Redwood v. Dobson*, which based its holding on a previous version of the Federal Rules of Civil Procedure, permitted a broader scope of discovery, involved severely inappropriate conduct on the part of the attorneys (attorney's conduct was "shameful" including a "feigned inability to remember, purported ignorance of ordinary words [], and instructions not to respond that neither shielded a privilege nor supplied time to apply for a protective order"); despite this "shameful" conduct, the court ultimately determined that monetary sanctions were *not* in order. 476 F.3d 462, 469-70 (7th Cir. 2007). In *Cincinnati Ins. Co. v. Serrano*, the court found that *persistent* coaching of a witness is misconduct and sanctionable *if* it persists after the deposing attorney requests that it stop. No. 11-2075-JAR, 2012 WL 28071, at *5 (D. Kan. Jan. 5, 2012). In *Ralston Purina Co. v. McFarland*, the court did not consider monetary sanctions. 550 F.2d 967 (4th Cir. 1977). The Court determined that based upon plaintiff counsel's repeated and entirely unwarranted directions to the witness not to answer questions related to a highly germane line of inquiry as to the pending action, it was appropriate to re-open the deposition of the witness into that particular line of inquiry. *McFarland*, 550 F.2d at 973-74. In *Boyd v. Univ. of Maryland Med. Sys.*, the court held that the imposition of sanctions for instructing a deponent not to answer will only occur in "few and far between" instances. 173 F.R.D. 143, 147 (D. Md. 1997). The court also identified a number of factors which would warrant an imposition of sanctions, none of which

---

[3] *See* Pltf's Mot. to Compel, pp. 9, 10, and 11.

Page 11 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

would support a finding of monetary sanctions in this case. *Id*. *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp.* recognized the inherent conflict in Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 30(c), when stating that Fed. R. Civ. P. 30(c) should not mandate the disclosure of privileged information merely because such information is sought through a question asked on deposition. 91 F.R.D. 277, 279 (D.D.C. 1981). In *Preyer v. U.S. Lines, Inc.*, the court did not address the issue of sanctions thus it has no bearing on this issue. 64 F.R.D. 430, 431 (E.D. Pa. 1973), *aff'd*, 546 F.2d 418 (3d Cir. 1976).

Defense counsel appropriately advocated for his clients' interests while essentially inviting plaintiff's counsel to reword a question or establish an appropriate foundation to establish the subjects of his inquiry were somehow related to any of plaintiff's claims, if he chose to do so. (Pltf's Mot. to Compel, Ex. 3, p. 42, lines 4-7.) Rather than establishing such a foundation, or even complaining about the objections (which counsel maintains were appropriate), plaintiff's counsel elected to simply drop this line of questioning and move on. (Pltf's Mot. to Compel, Ex. 3, p. 42, lines 4-25, p. 43, lines 1-2.) For example, as it relates to the questions surrounding the unrelated internal affairs investigation, plaintiff's counsel could have asked whether the pending internal affairs investigation had anything to do with Ms. Townsend's decision to retire, but he didnt; he could have asked whether the internal affairs investigation had anything to do with the claims raised in plaintiff's Complaint, but he didn't; he could have asked whether the internal affairs investigation had anything to do with a denial or withholding of medical care, but he didn't; etc. Instead, he did nothing except to vaguely state in his email of November 10, "I believe I was entitled to more than a yes or no answer from Ms. Townsend when I asked her about the reason for her departure from the jail." (Nweze Decl., ¶ 4, Ex. 1.)

Defense counsel is not only entitled, but ethically obligated, to vigorously represent the interest of their client and assert objections to privileged, confidential, and private information, particularly when there was nothing to suggest that what opposing counsel wanted to find out had any relevancy to plaintiff's claims in this case. *Dunn v. Wal-Mart Stores, Inc.*, No. 2:12-CV-01660-

Page 12 - **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

GMN, 2013 WL 5940099, at *3 (D. Nev. Nov. 1, 2013) (noting the Federal Rules of Professional Conduct require attorneys to be both zealous advocates and officers of the court.)

Under Fed. R. Civ. P. 30(d)(2), plaintiff carries the burden of first establishing that the deposition was impeded, delayed, or frustrated. When making this inquiry, the Court should consider the following factors: (1) the specific language used (e.g., use of offensive words or inappropriate tones); the conduct of the parties (e.g., excessive objections or speaking objections); and (3) the length of the deposition. *Dunn v. Wal-Mart Stores, Inc.*, No. 2:12-CV-01660-GMN, 2013 WL 5940099, at *5 (D. Nev. Nov. 1, 2013). None of these factors weigh in favor of finding the deposition was in any way impeded, delayed, or frustrated; no offensive or inappropriate language was used, and the objections were not excessive based upon the length of the deposition. Second, plaintiff must identify an appropriate sanction. *Id*. When determining what sanction is appropriate, if any, the Ninth Circuit has advised that the keystone is "justice." *Valley Engineers, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051,1056 (9th Cir.1998), *cert. denied*, 526 U.S. 1064, 119 S. Ct. 1455, 143 L. Ed. 2d 542 (1999). Within the context of sanctions, this includes considerations of: (1) whether the sanction is proportional to the claimed violation, *Rice v. City of Chicago*, 333 F.3d 780 (7th Cir.2003); (2) the sanction must be specifically related to each alleged violation, *Ins. Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 707 (1982); and (3) the sanction must achieve the "orderly and expeditious disposition of cases", *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991).

Based upon the above, sanctions are not appropriate in this case as no sanctionable conduct occurred. If, however, over defendants' objections, this Court finds that sanctions are warranted, it should be limited to the re-opening of Ms. Townsend's deposition. This would be proportional to the claimed violation, specifically related to the alleged violation, and would accomplish the orderly and expeditious disposition of the matter.

**3.     Plaintiff's Motion for Fees and Costs Should Be Denied.**

Plaintiff also seeks attorney fees and costs associated with the filing of plaintiff's motion. (Pltf's Mot. to Compel, p. 17.) Fed. R. Civ. P. 37(a)(5) sets forth the standard for when such fees

Page 13 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S
            MOTION TO COMPEL AND FOR SANCTIONS
            FOR DEPOSITION OBSTRUCTION

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

and costs may be awarded. If the Court denies plaintiff's motion, plaintiff's attorney fees and costs are not permitted. Fed. R. Civ. P. 37(a)(5)(a).

If, however, over defendants' objection, the Court grants some or all of plaintiff's motion, plaintiff request for attorney fees and costs should still be denied. Fed. R. Civ. P. 37(a)(5)(A)(ii) precludes an award of attorney fees and costs if the "opposing party's nondisclosure, response, or objection was substantially justified[.]" Defendants' nondisclosure of the records in this case was substantially justified based upon well-established law regarding the privileged, private, and confidential nature of personnel files. Good faith disputes routinely occur throughout the course of discovery; this reality is recognized by Fed. R. Civ. P. 37(a)(5)(A)(ii) which provides that fees and costs are not recoverable in such situations. For this reason, plaintiff's request for attorney fees and costs should be denied.

## CONCLUSION

For the reasons discussed above, defendants respectfully request that this Court deny Plaintiff's Motion to Compel and Motion for Sanctions for Deposition Obstruction in its entirety. If, however, this Court orders that any portion of the records sought by plaintiff be disclosed, defendants respectfully request that a protective order be put in place before any records are produced.

DATED this 2nd day of December 2020.

KRAEMER & LEWIS

By: s/ *Lauren E. Nweze*
Lauren E. Nweze, OSB No. 145218
Of Attorneys for Defendants

Page 14 - DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS FOR DEPOSITION OBSTRUCTION

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901